David DiPAOLO, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant.

Civil No. 2:11cv340.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 28, 2011.

Robert V. Roussos, Esquire, Roussos, Lassiter, Glanzer & Marcus, P.L.C., Norfolk, VA, for Plaintiff.

## ORDER

REBECCA BEACH SMITH, District Judge.

On June 16, 2011, the plaintiff filed a Complaint against the defendant in this court, claiming jurisdiction pursuant to a provision in his insurance policy, which provides, in pertinent part: "[Y]ou must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." Ex. A to Compl. ¶ VII.R., ECF No. 1. The plaintiff requests judgment in the

amount of $77,287.00, together with interest from the date of the loss.

Even though the defendant has not filed a motion to dismiss, "questions concerning subject-matter jurisdiction may be raised at any time ... sua sponte by this court." *Plyler v. Moore*, 129 F.3d 728, 732 n. 6 (4th Cir.1997) (citations omitted). Because this is a "court[ ] of limited jurisdiction ... possess[ing] only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted), the court must "presume[ ] that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). In order to establish diversity jurisdiction, the plaintiff must allege facts that demonstrate that it does not share common citizenship with the defendant and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In order for the court to have federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331, a federal question must be present on the face of the plaintiff's well-pleaded complaint. *See, e.g., Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir.2005).

Although the amount in controversy is over $75,000, there is no indication in the Complaint that the parties are citizens of different states, nor is there any indication that the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rather, the plaintiff invokes this court's jurisdiction on the basis of a forum selection clause in the insurance contract between the parties. However, parties cannot bestow federal courts with subject matter jurisdiction by consent. *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct.

2099, 72 L.Ed.2d 492 (1982); *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 621 (4th Cir.2004), *rev'd on other grounds*, 546 U.S. 81, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *City Nat. Bank v. Edmisten*, 681 F.2d 942, 945 n. 5 (4th Cir.1982). Accordingly, the plaintiff has not met his burden to establish subject matter jurisdiction.

The court **DIRECTS** the parties to advise the court further in this regard within ten (10) days of this Order, if they so choose. Absent a showing that subject matter jurisdiction is proper, the court will dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**